IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIDIER KAYIHURA, § § Petitioner, § § VS. § § MERRICK GARLAND, in his official § capacity as U.S. Attorney General, § ALEJANDRO MAYORKAS, in his § official capacity as U.S. Secretary of § Homeland Security, and UR M. § JADDOU, in her official capacity as § Director of U.S. Citizenship and § Immigration Services, § § Respondents. § | Civil Action No. 3:24-CV-0367-D |

MEMORANDUM OPINION
AND ORDER

Petitioner Didier Kayihura ("Kayihura") seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-589 Application for Asylum and for Withholding of Removal (the "asylum application" or "application"). Respondents Merrick Garland, in his official capacity as U.S. Attorney General, Alejandro Mayorkas, in his official capacity as U.S. Secretary of Homeland Security, and Ur M. Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services, move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion in part and denies it in part.

I

Kayihura, a citizen of Rwanda, came to the United States on April 18, 2019 on a B-2 Nonimmigrant visa. He timely filed an asylum application with USCIS on April 10, 2020, alleging that he was persecuted by Rwanda's ruling regime on account of an imputed political opinion and that he would continue to be persecuted if he returned to Rwanda.

Kayihura filed this lawsuit on February 15, 2024 and alleges that, although almost four years have elapsed since he submitted his application, USCIS has not yet adjudicated his application or even contacted him to schedule an asylum interview. He asserts that USCIS's Houston Asylum Office, where his application is pending, has interviewed and adjudicated the applications of other asylum seekers who filed their applications well after he did. Kayihura therefore seeks to compel action to adjudicate his application under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. He asks the court to compel defendants to "promptly complete any necessary background checks and adjudicate [his] asylum application" and to "grant[] such other relief at law and in equity as justice may require." Compl. ¶ 21.

Respondents move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The court is deciding the motion on the briefs, without oral argument.

II

The court first addresses respondents' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[1]

A

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

To determine whether it has jurisdiction in a case asserting federal question jurisdiction under 28 U.S.C. § 1331, the district court "must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). "[A] complaint properly 'asserting a federal claim can be dismissed for lack of jurisdiction only if it is "wholly insubstantial and frivolous" or "patently without merit."'" *Al-Juburi v. Chertoff*, 2007 WL

---

[1] "When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the attack on the merits." *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998) (Cummings, J.) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)); *see Hernando v. United States*, 2020 WL 12991139, at *1 (W.D. Tex. Mar. 20, 2024) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)) ("A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim.").

2285964, at *2 (N.D. Tex. Aug. 9, 2007) (Fitzwater, J.) (quoting *Rogers v. Brockette*, 588 F.2d 1057, 1062 n.9 (5th Cir. 1979) (quoting *Bell*, 327 U.S. at 682)); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 & n.10 (2006) (quoting *Bell*, 327 U.S. at 681-85) ("A [petitioner] properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States"—*i.e.*, a claim that is not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous."); *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 183-84 (2017) ("[I]n *Bell v. Hood*, this Court held that the 'arising under' statute confers jurisdiction if a [petitioner] can make a nonfrivolous argument that a federal law provides the relief he seeks—even if, in fact, it does not.").

B

This court has jurisdiction over Kayihura's APA claim.

The APA does not provide an independent basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). "But the APA, in conjunction with this Court's federal-question jurisdiction, 28 U.S.C. § 1331, may vest the Court with jurisdiction" over a case like this one. *Mysaev v. USCIS*, 2022 WL 2805398, at *4 (N.D. Tex. July 18, 2022) (Boyle, J.) (quoting 5 U.S.C. § 706(1)); *see Al-Juburi*, 2007 WL 2285964, at *1. The APA confers jurisdiction on a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But jurisdiction does not exist for review of "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701. This means that, "for jurisdiction to exist over [petitioner's] § 706(1) claim, [petitioner] must sufficiently

allege that 'an agency failed to take a discrete agency action that it is required to take.'" *Ahmed v. Bitter*, ___ F.Supp.3d ___, 2024 WL 1340255, at *2 (S.D. Tex. Mar. 28, 2024) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).

The immigration statutes and regulations do not prescribe an enforceable deadline by which USCIS is required to adjudicate asylum applications. *See Ayana v. Jaddou*, 2023 WL 8936700, at *3 (S.D. Tex. Dec. 27, 2023) (Rosenthal, J.) ("[U]nder 8 U.S.C. § 1158(d)(7), [a petitioner] does not have a private right of action to enforce the timing provisions of 8 U.S.C. § 1158(d)(5)."); *Chuttani v. USCIS*, 2020 WL 7225995, at *3 (N.D. Tex. Dec. 8, 2020) (Starr, J.) (While 8 U.S.C. § 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," courts have been "disinclined . . . to find Congress's 'sense' of 180 days to be an actionable deadline that waives sovereign immunity."); *Li v. Jaddou*, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (per curiam) (same). But federal law provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). "Courts have determined from this that the Government has a non-discretionary duty to adjudicate applications within a reasonable time." *Ahmed*, 2024 WL 1340255, at *2 (citations omitted); *see, e.g.*, *Ahmadi v. Chertoff*, 522 F.Supp.2d 816, 819 & n.4 (N.D. Tex. 2007) (Godbey, J.) (collecting cases). "This means in turn that jurisdiction exists as a federal question under § 706(1) of the APA as to action seeking to compel the Government to observe the reasonable-time mandate with respect to adjudication

of [a petitioner's asylum] application." *Ahmed*, 2024 WL 1340255, at *3.

Kayihura's suit seeks to compel USCIS to observe the APA's reasonable-time mandate with respect to his asylum application. And his complaint is neither wholly insubstantial and frivolous nor patently without merit, such that the court is deprived of subject matter jurisdiction. Kayihura alleges that he timely filed his asylum application. At the time he filed this suit, his application allegedly had been pending for nearly four years. And according to his complaint, respondents have violated their statutory and regulatory duties to adjudicate his asylum application within a reasonable time. Kayihura posits that there has been ample time for USCIS to complete any necessary steps and issue a decision and that the delay is particularly unreasonable in light of the fact that USCIS has allegedly already adjudicated applications filed later in time than his. Moreover, this court and others have held that delays shorter than Kayihura's were unreasonable. *See, e.g.*, *Elmalky v. Upchurch*, 2007 WL 944330, at *6 (N.D. Tex. Mar. 28, 2007) (Boyle, J.) ("near three-year delay" unreasonable); *Paunescu v. INS*, 76 F.Supp.2d 896, 902 (N.D. Ill. 1999) (two-year delay unreasonable). Kayihura has therefore pleaded a colorable APA claim, refuting respondents' jurisdictional challenge to this claim.

C

This court also has jurisdiction over Kayihura's Mandamus Act claim.

The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. "A district court's

decision not to exercise jurisdiction under the mandamus statute . . . is a discretionary one." *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (citation omitted). "But mandamus jurisdiction does exist 'if the action is an attempt to compel [an agency] to perform an allegedly nondiscretionary duty owed to the [petitioner].'" *Ahmed,* 2024 WL 1340255, at *3 (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

Because Kayihura's action is an attempt to compel USCIS to perform an allegedly nondiscretionary duty—namely, observing the reasonable-time mandate with respect to adjudication of his asylum application—mandamus jurisdiction exists.

D

Because the court has jurisdiction over both of Kayihura's claims, respondents' motion to dismiss under Rule 12(b)(1) is denied.

III

Respondents also move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the petitioner's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the [petitioner].'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (alterations added; internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the petitioner must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [respondent] has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

B

"In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the [petitioner]." *Tex. Health & Hum. Servs. Comm'n v. United States*, 193 F.Supp.3d 733, 738 (N.D. Tex. 2016) (Godbey, J.) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). "However, a court may also consider documents outside of the pleadings if they fall within certain limited categories." *Id.* First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th

Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the [petitioner's] complaint and are central to the [petitioner's] claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

"When a party presents 'matters outside the pleading' with a Rule 12(b)(6) motion to dismiss, the Court has 'complete discretion' to either accept or exclude the evidence for purposes of the motion to dismiss." *Williams v. Davis*, 2009 WL 3450952, at *2 (N.D. Tex. Oct. 26, 2009) (Ramirez, J.) (quoting *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3, 196 (5th Cir. 1988)). But if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Rule 12(d). "A court is more likely to consider matters outside the pleadings if the extraneous material is comprehensive and will enable a rational determination of a summary judgment motion, and unlikely to do so when it is scanty, incomplete, or inconclusive." *Silva v. Holman Shipping, Inc.*, 1994 WL 791398, at *1 (S.D. Tex. Aug. 8, 1994) (citing *Isquith*, 847 F.2d at 193 n.3).

In this case, both parties have attached to their filings documents outside of the pleadings that do not fall within the limited categories of outside documents that the court

may consider when deciding a motion to dismiss. "[T]he Court cannot consider this evidence without converting the motion to dismiss into one for summary judgment pursuant to Rule 56[.]" *Williams*, 2009 WL 3450952, at *2. Kayihura indicates that he "would have no objection to the court treating [respondents'] motion to dismiss and [his response brief] as cross-motions for summary judgment." P. Br. (ECF No. 11) at 11 n.5. But respondents do not affirmatively ask the court to convert the motion in their reply brief, instead continuing to argue their motion under the Rule 12(b)(6) standard. Consequently, the court excludes the evidence outside of the pleadings and considers this motion under the Rule 12(b)(6) standard.

C

The court first considers Kayihura's APA claim.

1

As set out above, under the APA, an agency "shall proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). "Federal courts may compel nondiscretionary agency action that is unlawfully withheld or unreasonably delayed." *Oniwon v. USCIS*, 2020 WL 1940879, at *3 (S.D. Tex. Apr. 6, 2020) (citing 5 U.S.C. § 706(1)); *cf.* 5 U.S.C. § 701(a)(2). Federal courts have concluded that USCIS has a nondiscretionary duty to adjudicate applications within a reasonable time. *See, e.g.*, *Ahmed*, 2024 WL 1340255, at *2 (citations omitted); *Chuttani*, 2020 WL 7225995, at *2.

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Ahmadi*, 522 F.Supp.2d at 822 (quoting *Elmalky*, 2007 WL 944330, at *6); *see Mashpee Wampanoag Tribal Council, Inc.*

*v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) ("Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court."). "[T]he length of the delay is not the only factor that may make a delay 'unreasonable'"; "[t]he [petitioners] must also make a 'showing of prejudice.'" *Chuttani*, 2020 WL 7225995, at *3 (quoting *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985) (per curiam)); *see also INS v. Miranda*, 459 U.S. 14, 18 (1982) (per curiam) (holding that the passage of time alone cannot support a claim of unreasonable delay). In making a determination whether an agency's delay is unreasonable, courts have often referenced the six "*TRAC*" factors, drawn from *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), which state:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (citations and internal quotation marks omitted). While courts in the Fifth Circuit have never recognized these factors as binding, they have sometimes deemed them helpful when considering whether an agency's delay is so egregious as to warrant relief. *See, e.g.*, *Mysaev*, 2022 WL 2805398, at *4.

2

Kayihura alleges that his asylum application has been pending for nearly four years, despite the fact that USCIS has allegedly already interviewed and adjudicated the applications of individuals who filed their applications after he did. He also asserts that USCIS has "had ample time to conduct the necessary background checks and adjudicate [his] asylum application." Compl. ¶ 19. Kayihura also asserts that this delay has prejudiced him by "depriv[ing] [him] of the certainty that comes from a clear determination of his right to live safely and freely in the United States on a permanent basis." *Id.* ¶ 14.

At the motion to dismiss stage, the court must accept Kayihura's allegations as true and view them in the light most favorable to Kayihura. It cannot consider respondents' assertions in their motion—which are taken directly from the evidence respondents attached to the motion, and which the court has excluded from consideration—that purport to explain USCIS's processing system and the application of that system to Kayihura's case. Although Kayihura's allegations are admittedly somewhat sparse, the court concludes that he has pleaded sufficient facts to state a plausible APA claim, because he has alleged facts that, taken as true, indicate that USCIS's delay was unreasonable and that the delay has prejudiced him. The court therefore denies respondents' motion to dismiss this claim.

D

The court turns next to Kayihura's Mandamus Act claim.

"[A]n enforcing order under the Mandamus Act may issue only when (i) the [petitioner] has a clear right to relief, (ii) the [respondent] has a clear duty to act, and (iii) no

other adequate remedy exists." *Ahmed*, 2024 WL 1340255, at *4 (citing *Wolcott*, 635 F.3d at 768). "Even if all three elements are satisfied, the court has discretion to grant or deny the writ of mandamus because of the 'extraordinary nature of the remedy.'" *Id.* (quoting *Wolcott*, 635 F.3d at 768).

"The duty [Kayihura] is seeking to enforce through a mandamus writ is the USCIS's duty of timely performance under the APA." *Sawan v. Chertoff*, 589 F.Supp.2d 817, 825 (S.D. Tex. 2008) (Rosenthal, J.). Because this court has jurisdiction over Kayihura's APA claim and is not dismissing that claim, and because "[t]he APA provides a remedy for unlawfully delayed agency action," "mandamus is not necessary for relief." *Id.* at 826. Accordingly, Kayihura cannot satisfy the third element required for the court to issue an enforcing order under the Mandamus Act, and the court dismisses this claim.

\* \* \*

For the reasons explained, the court grants respondents' motion in part and denies it in part, and dismisses Kayihura's Mandamus Act claim.

**SO ORDERED**.

June 6, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE